IN RE JULY 1986 OHIO BAR EXAMINATION APPLICANT NO. 125,
LLOYD ODOM BROWN, JR.

[Cite as In re July 1986 Ohio Bar Examination Applicant No. 125,
Lloyd Odom Brown, Jr. (1991), 60 Ohio St. 3d 604.]

(No. 91-1003 — Submitted May 14, 1991 —
Decided May 17, 1991.)

This cause was initiated by the court *sua sponte* pursuant to its constitutional authority to regulate admission to the practice of law and all other matters relating to the practice of law. Section 2, Article IV, Ohio Constitution.

Respondent, Lloyd Odom Brown, Jr., took the July 1986 Ohio bar examination and, for purposes of the examination, was assigned applicant number 125. Pursuant to the examination scoring procedure in effect in 1986, applicants were afforded a presumption of passing the exam, and were therefore passed automatically, if they:

1. Scored in the upper 60 percentile of the Multistate Bar Examination ("MBE") portion of the exam; and

2. Achieved at least 14 points on each of two essay booklets randomly selected for grading.

No further essay booklets were graded for applicants afforded a presumption of passing. All essay booklets were graded for applicants who did not satisfy the criteria for obtaining a presumption of passing; those applicants who achieved at least 270 points total passed the examination.

By letter of November 5, 1986, respondent was notified that he had achieved a passing score on the July 1986 exam. He took the oath of office and was admitted to the practice of law in Ohio on November 12, 1986.

Upon review of the July 1986 examination records, the court has determined:

1. That respondent did not score in the upper 60 percentile on the MBE portion of the examination;

2. That all twelve of respondent's essay booklets should have been graded to determine whether he passed the exam, but that only two of respondent's essay booklets were, in fact, graded;

3. That respondent was afforded a presumption of passing but was not entitled to the presumption;

4. That, because the essay booklets for the July 1986 bar examination have been destroyed, respondent's true performance on that examination cannot now be determined;

5. That respondent has therefore not yet satisfied the general requirements for admission to the bar of Ohio set forth in Gov. Bar R. I.

The court has also considered that there is generally a strong correlation between applicants' MBE performance and applicants' essay performance. Given this, and considering respondent's true percentile ranking and score on the July 1986 MBE and the pass/fail standard for that exam, the court has concluded that respondent most likely would have failed the examination had all of his essays been graded. Wherefore,

IT IS ORDERED by the court that the license to practice law issued to respondent on November 12, 1986, be, and hereby is, revoked, effective immediately.

IT IS FURTHER ORDERED that, on or before May 28, 1991, respondent show cause why the

revocation of his license to practice law should not be permanent.

IT IS FURTHER ORDERED that the Clerk of the court certify to the respondent his true MBE score on the July 1986 bar examination and the scores he received on the two essay booklets that were graded.

IT IS FURTHER ORDERED that, should respondent seek to take the July 1991 bar examination, the filing deadline to apply for the examination is hereby waived; the Clerk may accept an application for that examination from the respondent, provided such application and the examination fee are submitted to the Clerk by no later than May 28, 1991.

MOYER, C.J., SWEENEY, HOLMES, DOUGLAS and RESNICK, JJ., concur.

WRIGHT, J., dissents and would issue a show cause order.

H. BROWN, J., dissents and would treat respondent in the identical way as Applicant No. 719 in case No. 91-1004, 60 Ohio St. 3d 605, 573 N.E. 2d 593, and Applicant No. 1327 in case No. 91-1005, 60 Ohio St. 3d 606, 573 N.E. 2d 38.