IN RE JULY 1986 OHIO BAR EXAMINATION APPLICANT NO. 1327.

[Cite as In re July 1986 Ohio Bar Examination Applicant No. 1327 (1991), 60 Ohio St. 3d 606.]

(No. 91-1005 — Submitted May 14, 1991 — Decided May 17, 1991.)

This cause was initiated by the court *sua sponte* pursuant to its constitutional authority to regulate admission to the practice of law and all other matters relating to the practice of law. Section 2, Article IV, Ohio Constitution.

Respondent took the July 1986 Ohio bar examination and, for purposes of the examination, was assigned applicant number 1327. Pursuant to the examination scoring procedure in effect in 1986, applicants were afforded a presumption of passing the exam, and were therefore passed automatically, if they:

1. Scored in the upper 60 percentile of the Multistate Bar Examination ("MBE") portion of the exam; and

2. Achieved at least 14 points on each of two essay booklets randomly selected for grading.

No further essay booklets were graded for applicants afforded a presumption of passing. All essay booklets were graded for applicants who did not satisfy the criteria for obtaining a presumption of passing; those applicants who achieved at least 270 points total passed the examination.

By letter of November 5, 1986, respondent was notified that he had achieved a passing score on the July 1986 exam. He took the oath of office and was admitted to the practice of law in Ohio on November 12, 1986.

Upon review of the July 1986 examination records, the court has determined:

1. That respondent did not score in the upper 60 percentile on the MBE portion of the examination;

2. That all twelve of respondent's essay booklets should have been graded to determine whether he passed the exam, but that only two of respondent's essay booklets were, in fact, graded;

3. That respondent was afforded a presumption of passing but was not entitled to the presumption;

4. That, because the essay booklets for the July 1986 bar examination have been destroyed, respondent's true performance on that examination cannot now be determined;

5. That respondent has therefore not yet satisfied the general requirements for admission to the bar of Ohio set forth in Gov. Bar R. I.

Upon consideration thereof,

IT IS ORDERED by the court that respondent be suspended from the practice of law until he is able to demonstrate compliance with the general requirements for admission to the bar of Ohio by achieving a passing score on the Ohio bar examination. However, such suspension will be stayed and respondent will be permitted to continue the practice of law, pending passage of the Ohio bar examination, provided he applies for and takes the July 1991 examination. Application to take the July 1991 examination must be made in writing to the Clerk by no later than May 28, 1991.

If the respondent does not apply for the July 1991 bar examination by May 28, 1991, respondent's suspension shall take effect on that date. If the respondent timely applies to take the July 1991 bar examination but fails to take the examination, the suspension shall take effect as of the date of the examination. If the respondent timely applies for and takes the July 1991 bar examination but achieves a failing score, the suspension shall take effect on the date the results of the examination are announced. If the respondent passes the Ohio bar examination, the suspension shall be terminated and respondent shall be fully reinstated to practice.

IT IS FURTHER ORDERED that the Clerk of the court certify to the

respondent his true MBE score on the July 1986 bar examination, and the scores he received on the two essay booklets that were graded.

IT IS FURTHER ORDERED that, when and if respondent retakes the bar examination, he has the option to use his MBE scaled score from the July 1986 examination and retake only the essay portion of the examination or to retake both the MBE and the essay portions of the examination.

MOYER, C.J., SWEENEY, HOLMES, H. BROWN and RESNICK, JJ., concur.

DOUGLAS, J., dissents, would take no action against respondent, and would declare that he passed the July 1986 Ohio bar examination.

WRIGHT, J., dissents and would issue a show cause order.