IN RE APPLICATION OF LAMMERS.

[Cite as *In re Application of Lammers* (1991), 62 Ohio St.3d 322.]

(No. 91–1355—Submitted October 8, 1991,—
Opinion announced December 31, 1991.)

[REDACTED]

*Charles W. Kettlewell*, for applicant.

*Timothy J. Ucker*, Special Investigator, for the board.

*Per Curiam.* Under Gov. Bar R. I(1), an applicant for admission to the practice of law in Ohio must:

" * * * (C) [H]ave earned a degree from a law school which is approved by the American Bar Association * * *." It is undisputed that applicant Lammers has not satisfied this requirement. The only question that remains is the appropriate action to be taken.

In reaching our decision, we recognize the high professional regard in which the applicant is held by his most recent employer. Against this, however, we must balance seven years of deliberate disregard for rules of this court, Lammers' continued misrepresentation of his status as a law school graduate, and his conspicuous lack of initiative to remedy this situation prior to it being brought to our attention.

Lammers knew in 1984 that a law degree was necessary to take Ohio's bar examination. He took the test anyway. Lammers also knew that a law degree was a prerequisite to admission to the practice of law in this state. He took his professional oath nonetheless. This clear disregard of the rules of this court is not minimized by the applicant's claim that he intended to eventually complete his seminar paper and receive his degree.

Additionally, as Lammers continued to function as a licensed attorney, he inherently misrepresented himself as a law school graduate. The record also contains evidence of at least one instance of Lammers' deliberate misrepresentation of his graduate status. Lammers admittedly misrepresented himself as an 1984 law school graduate in his employment application with the Lake County Public Defender's Office.

Finally, we find Lammers' delay in taking remedial action to be significant. In the approximately five years preceding initiation of this matter, Lammers made no effort to secure his degree. This is despite a conversation he had with a former classmate, Mitch Lieberman, who warned him that the law school had not forgotten about Lammers' uncompleted seminar class. Lammers testified that in 1987 or 1988, Lieberman passed along word from a University of Bridgeport law professor that the issue of Lammers' unfinished

seminar paper had been raised in a recent faculty meeting. Lammers, however, did nothing and continued to ignore the situation until the law school contacted him shortly before these proceedings were commenced. Lammers' prolonged inactivity convinces us that Lammers had abandoned any intention of completing the writing seminar and would have continued to practice without a degree indefinitely.

Lammers urges us to stay revocation of his law license, citing our recent decisions in *In re July 1986 Ohio Bar Examination Applicant No. 719* (1991), 60 Ohio St.3d 605, 573 N.E.2d 593, and *In re July 1986 Ohio Bar Examination Applicant No. 1327* (1991), 60 Ohio St.3d 606, 573 N.E.2d 38. In those cases, the applicants were notified that they had passed the July 1986 bar examination. In each instance, the passing score was based, in part, on a multi-state bar examination ("MBE") score that warranted a random check of only two of twelve essay booklets. Both applicants were admitted to the practice of law in November 1986.

Subsequent review revealed that the applicants' MBE scores were lower than originally thought and, as such, all the essay booklets should have been graded. We concluded that the applicants were improperly afforded a presumption of passing. However, since the essay booklets had been destroyed, the applicants' true performances could not be determined.

We suspended applicants from the practice of law until they were able to demonstrate compliance with the bar admission requirements by successfully retaking the Ohio Bar Examination. Suspension, however, was stayed pending application for and successful completion of the next scheduled bar examination.

Those two cases differ substantially from that currently at bar. In the earlier decisions, the circumstances giving rise to the test-score controversy were beyond the applicants' control. In this case, Lammers was solely responsible for the incidents precipitating revocation.

In consideration of the above, we confirm our order issued effective October 8, 1991.

*Order confirmed.*

MOYER, C.J., SWEENEY, HOLMES, DOUGLAS, WRIGHT, H. BROWN and RESNICK, JJ., concur.