**[This opinion has been published in *Ohio Official Reports* at 72 Ohio St.3d 542.]**

IN RE APPLICATION OF MCCARTHY.

**[Cite as *In re Application of McCarthy*, 1995-Ohio-50.]**

*Attorneys at law—License to practice law revoked, when—Lack of law degree disqualifies individual from admission to the practice of law under Gov.Bar R. I(1)(C).*

(No. 95-361—Submitted April 18, 1995—Decided July 26, 1995.)

ON REPORT of the Board of Commissioners on Character and Fitness, No. 110.

_____

{¶ 1} Christopher Justin McCarthy of Shaker Heights, Ohio, Attorney Registration No. 0037595, was admitted to the practice of law in Ohio on November 12, 1986, after passing the Ohio Bar Examination administered in July of that year. In February 1994, the Admissions Office of the Supreme Court received correspondence alleging that McCarthy had not satisfied the credit-hour requirements necessary to obtain, and had not received, his law degree. Pursuant to Gov.Bar R. I(9)(B)(2)(e), now (10)(B)(2)(e), the Board of Commissioners on Character and Fitness appointed the Cleveland Bar Association Admissions Committee to investigate these allegations. A board-appointed panel heard the matter on September 15, 1994.

{¶ 2} McCarthy cooperated completely with the investigation, which was conducted by the Joint Bar Applicants Committee of the Cleveland and Cuyahoga County Bar Associations, on behalf of the Cleveland Bar Association. McCarthy did not appear at the hearing because the parties stipulated to all the facts considered by the board. The stipulations established that:

{¶ 3} 1. McCarthy was permitted to participate in graduation ceremonies for the University of Pittsburgh School of Law in the spring of 1986; however, he did not receive his law degree because he had completed only seventy-seven of the

required eighty-six semester credit-hours and he had not fulfilled his "Upper Level Writing Requirement."

**{¶ 4}** 2.  In his May 1986 application to take the July 1986 Ohio Bar Examination, McCarthy represented that he would be receiving his degree from the University of Pittsburgh School of Law in May 1986, after completing his degree requirements at the University of Georgia School of Law, where he was enrolled as a transient student.

**{¶ 5}** 3.  Members of the Applicants Committee of the Cuyahoga County Bar Association interviewed McCarthy in June 1986.  When the interviewers asked if he needed to change or supplement any of the answers on his application to take the Bar exam, McCarthy did not disclose that he had not received his law degree.  The applicants committee recommended McCarthy for admission to the practice of law with the understanding that he had obtained his law degree.

**{¶ 6}** 4.  McCarthy passed the July 1986 Bar exam and, after being administered his oath, was admitted to the practice of law in Ohio on November 12, 1986.  In April 1987, he registered for active status for the 1985-1987 biennium with the Attorney Registration Office of the Supreme Court.

**{¶ 7}** 5.  McCarthy had accepted employment in October 1985 with a Cleveland-based law firm, where he worked from August 4, 1986 until January 2, 1987.  The law firm had offered McCarthy employment based, in part, on the representation that he would receive his law degree in 1986 from the University of Pittsburgh, after he completed his third year of legal studies at the University of Georgia.  Prior to the firm's offer of employment, McCarthy had also represented that he had been offered full-time employment by an Atlanta law firm for which he had clerked during the summer of 1985.  McCarthy was never offered such employment.

**{¶ 8}** 6.  From November 12, 1986 until January 2, 1987, McCarthy held himself out as an attorney licensed to practice law in Ohio.

**{¶ 9}** 7.  On April 29, 1988, a judgment for $958 was entered against McCarthy in the Shaker Heights Municipal Court for his failure to pay rent.  During the dispute from which the judgment arose, McCarthy represented his status as an attorney to his landlord, apparently to dissuade him from pursuing the matter.  McCarthy has not paid the judgment, which was revived on August 4, 1993 and remains in force.

**{¶ 10}** 8.  McCarthy applied to take the July 1988 Georgia State Bar Examination.  He represented in his application that he was scheduled to graduate from the University of Pittsburgh School of Law in December 1988.  McCarthy passed the Georgia Bar, but has not been admitted to practice law in that state because he failed to complete his graduation requirements at the University of Pittsburgh School of Law.

**{¶ 11}** 9.  McCarthy has not registered as an attorney in the state of Ohio for the 1987-1989, 1989-1991, 1991-1993, or 1993-1995 biennia.

**{¶ 12}** 10.  On February 6, 1992, McCarthy was sanctioned for noncompliance with the continuing legal education requirements of Gov.Bar R. X for the 1989-1990 reporting period.  He did not pay the sanction fee assessed against him, which was due on March 9, 1992.

**{¶ 13}** 11.  McCarthy was sanctioned again on May 9, 1994 for failure to comply with continuing legal education requirements, this time for the 1991-1992 reporting period.  He did not pay the sanction fee assessed against him, which was due June 8, 1994.  McCarthy was also suspended from the practice of law in Ohio on May 9, 1994 pending his payment of the sanction fee, his compliance with continuing legal education requirements for the 1991-1992 reporting period, and his compliance with other conditions.  No such compliance had been shown as of the hearing date.

**{¶ 14}** In addition to these stipulated events, the exhibits submitted to document the stipulations revealed that the associate dean of the University of

Pittsburgh School of Law had written to McCarthy on at least three occasions to advise him of his status with respect to graduation. In a December 1, 1986 letter, the associate dean advised that the law school could not award McCarthy's law degree until he completed additional required course work. She also suggested that McCarthy may have "seriously misrepresented" his situation to her earlier in May of that year. In a May 27, 1987 letter, the associate dean advised that McCarthy was nine credits short of the credit-hours required for graduation and he needed to complete the upper-level writing requirement. She suggested that he enroll for another semester to fulfill these requirements. In a January 17, 1991 letter, the associate dean advised McCarthy that he had become ineligible to return to the school to complete the nine credit hours and writing assignment, as American Bar Association accreditation standards required completion of degree requirements within five years.

{¶ 15} From this undisputed evidence, the panel found that McCarthy had not satisfied the requirement in Gov.Bar R. I(1)(C) that an applicant for admission to the practice of law in Ohio "have earned a degree from a law school which is approved by the American Bar Association." When an applicant does not possess this basic qualification, the appropriate action is revocation of the applicant's license to practice law. *In re Application of Lammers* (1991), 62 Ohio St.3d 322, 581 N.E.2d 1359. The panel thus recommended the immediate revocation of McCarthy's license to practice law in Ohio.

{¶ 16} The board adopted the panel's report, including its findings of fact and recommendation.

————————————

*Craig A. Marvinney*, for the Cleveland and Cuyahoga County Joint Bar Applicants Committee.

*Chistopher J. McCarthy*, *pro se*.

————————————

***Per Curiam.***

{¶ 17} We have reviewed the record and concur in the board's findings and recommendation. Therefore, we order that Christopher J. McCarthy's license to practice law in the state of Ohio be immediately revoked.

*Judgment accordingly.*

MOYER, C.J., DOUGLAS, WRIGHT, RESNICK, F.E. SWEENEY, PFEIFER and COOK, JJ., concur.

―――――――――――