[Cite as *State v. Monaco*, 2021-Ohio-3888.]

COURT OF APPEALS
TUSCARAWAS COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| STATE OF OHIO | JUDGES:<br>Hon. William B. Hoffman, P. J. |
|     Plaintiff-Appellee | Hon. John W. Wise, J.<br>Hon. Earle E. Wise, Jr., J. |
| -vs- | |
| | Case No. 2021 AP 01 0002 |
| JASON D. MONACO | |
|     Defendant-Appellant | O P I N I O N |

| | |
|---|---|
| CHARACTER OF PROCEEDING: | Criminal Appeal from the Court of Common Pleas, Case No.  2020 CR 08 0318 |
| JUDGMENT: | Affirmed |
| DATE OF JUDGMENT ENTRY: | October 29, 2021 |

APPEARANCES:

For Plaintiff-Appellee

RYAN STYER
PROSECUTING ATTORNEY
KRISTINE W. BEARD
ASSISTANT PROSECUTOR
125 East High Avenue
New Philadelphia, Ohio  44663

For Defendant-Appellant

DONOVAN HILL
122 Market Avenue North
Suite 101
Canton, Ohio  44702

*Wise, John, J.*

{¶1} Defendant-Appellant Jason D. Monaco appeals the October 23, 2020 Judgment of the Tuscarawas County Court of Common Pleas which denied his motion to withdraw his plea of guilty. Plaintiff-Appellee is the State of Ohio. The relevant facts leading to this appeal are as follows.

## STATEMENT OF THE FACTS AND CASE

{¶2} On August 14, 2020, Appellant was indicted for three counts of Gross Sexual Imposition in violation of R.C. 2907.05, three counts of Sexual Imposition in violation of R.C. 2907.06, one count of Kidnapping in violation of R.C. 2905.01, one count of Rape in violation of R.C. 2907.02, one count of Attempted Rape in violation of R.C. 2923.02 and 2907.02, four counts of Disseminating Matter Harmful to Juveniles in violation of R.C. 2907.31, and two counts of Pandering Obscenity Involving a Minor or Impaired Person in violation of R.C.2907.321.

{¶3} On August 20, 2020, Appellant appeared with counsel and entered a plea of not guilty.

{¶4} On October 21, 2020, Appellant appeared, again with counsel, to change his plea from not guilty on the indictment to guilty. Appellant filled out a signed Crim.R. 11 Change of Plea Form. The Form, in pertinent part, stated:

1)    I have had the opportunity to discuss these matters with my attorney;

2)    That I have confidence in my attorney, and accept his representation of me in this matter;

3) That I have not been coerced or required to plead guilty, and that no promises have been made to me by the Prosecuting Attorney, or anyone representing the State of Ohio; EXCEPT that:

AGREED, that in exchange for pleading Guilty to the indictment, the State will recommend that on Count Seven, this Court will impose upon the Defendant an indefinite life sentence with no parole eligibility until he has served 15 years; and that all other terms of remaining counts be served concurrent to Count Seven for an aggregate prison term of 15 to life.

* * *

I have not been forced or threatened in any way to cause me to sign and offer this plea. I offer this plea knowingly, intelligently and voluntarily. I have consulted with my attorney and have his advice and consent. I am satisfied with the legal representation and advice I received from my attorney.

{¶5} At the change of plea hearing, Appellant's counsel advised the court he reviewed the Crim.R. 11 change of plea form with Appellant. Based on those discussions, Appellant signed the form and entered a plea of guilty to the indictment.

{¶6} During the colloquy the trial court reviewed the Crim.R. 11 change of plea form with Appellant. Appellant acknowledged he signed the Crim.R. 11 form. The trial court reviewed the charges in the indictment, the penalty agreed to for a guilty plea, and asked if Appellant had any questions about the charges and sentence. The trial court also advised Appellant of the Constitutional rights he was waiving. Appellant acknowledged that he had no questions on the charges or sentence. He said he understood the charges

and still wanted to plead guilty. After being fully advised of his rights, the charges against him, and the penalties associated with those charges, Appellant entered a plea of guilty.

{¶7}    Prior to sentencing, Appellee provided the trial court with a summary of the facts of the case. Appellant had a close relationship with the victim and began molesting her at an early age. Appellant filmed the victim without her knowledge while she showered and engaged in sexual displays while in her presence. Appellant digitally penetrated the victim's vagina and made the victim touch his penis. Appellant locked victim in the basement when she was six years old and would not let the victim out until she engaged in sexual conduct with him.

{¶8}    At age 13, Appellant forcibly held down the victim and attempted vaginal intercourse with victim, but was interrupted when someone else entered the room. Throughout this time, Appellant showed the victim adult and child pornography. Appellant used a webcam to record himself sexually abusing the victim while simultaneously watching a video of another adult abusing a child. A search of Appellant's devices revealed a plethora of child pornography.

{¶9}    Appellant's counsel indicated that Appellant acknowledged his behavior and would like as much mental health assistance as possible.

{¶10}  The trial court sentenced Appellant as follows: Counts 5 and 6 merge with Counts 3 and 4 for the purposes of sentencing. Count 1, 60 months in prison; Count 2, 60 months in prison, Count 3, 18 months in prison; Count 4, 18 months in prison; Count 7, mandatory 15 years to life in prison; Count 8, mandatory 10 years to life in prison; Count 9, 8 years in prison; Count 10, 18 months in prison; Count 11, 12 months in prison; Count 12, 18 months in prison; Count 13, 180 days in prison; Count 14, 8 years in prison;

and Count 15, 8 years in prison. The sentences were ordered to be served concurrently for an aggregate sentence of 15 years to life.

**{¶11}** Appellant did not file an appeal from his conviction or sentence. Instead, on October 29, 2020, Appellant filed a pro se motion to change his plea to not guilty and appoint new counsel. Appellant alleged he was under duress and not of sound mind due to extreme depression and anxiety when he signed his acknowledgment. He also alleged that he did not understand the evidence against him as his attorney did not go through the discovery documents with him. Appellant stated he was not guilty of the accusations.

**{¶12}** On November 30, 2020, the trial court held a hearing on the pro se request for Appellant to withdrawal his guilty plea. At the hearing, Appellant stated on the date of the plea and sentencing he was very shaken. He acknowledged that he discussed with counsel his plea, the rights he was waiving, and penalties he would be facing. Appellant stated he did not review the discovery provided by Appellee with his attorney. He stated he was suffering from anxiety and depression but was not under the influence of drugs or alcohol the day of sentencing. Appellant did not submit a professional report to substantiate his claim of suffering from depression, anxiety, or any other mental health condition likely to impair his ability to voluntarily, intelligently, and knowingly enter a plea of guilty. Appellant acknowledged he reviewed the evidence extracted from his electronic devices, that he knew the plea offer was for fifteen years to life, and thought he should not have plead guilty because it wasn't a fair deal.

**{¶13}** The trial court overruled Appellant's motion to withdrawal his post-sentence guilty plea.

**ASSIGNMENTS OF ERROR**

{¶14} Appellant filed a notice of appeal, and herein raises the following sole assignment of error:

{¶15} "I. THE TRIAL COURT ABUSED ITS DISCRETION IN DENYING APPELLANT'S MOTION TO WITHDRAW PLEA."

**I.**

{¶16} Appellant argues the trial court abused its discretion by denying Appellant's post-sentence motion to withdraw his guilty plea. We disagree.

{¶17} Under Crim.R. 32.1, "[a] motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea." A motion made pursuant to Crim.R. 32.1 is left to the sound discretion of the trial court. *State v. Smith*, 49 Ohio St.2d 261, 361 N.E.2d 1324 (1977), paragraph two of the syllabus. Thus, we review the trial court's decision denying Appellant's motion under an abuse of discretion standard. *State v. Francis*, 104 Ohio St.3d 490, 2004-Ohio-6894, 820 N.E.2d 355, ¶32. An appellate court may not substitute its judgment for that of the trial court when reviewing a matter pursuant to this standard. *Berk v. Matthews*, 53 Ohio St.3d 161, 169, 559 N.E.2d 1301 (1990).

{¶18} The standard upon which the trial court is to review a request for a change of plea after sentence has been imposed is whether there is a need to correct a manifest injustice. *State v. Marafa*, 5th Dist. Stark Nos. 2002CA00099, 2002CA00259, 2003-Ohio-257, ¶8. Under the manifest injustice standard, a post-sentence withdrawal motion is

allowable only in extraordinary cases. *State v. Aleshire*, 5ᵗʰ Dist. Licking No. 09-CA-132, 2010-Ohio-2566, ¶60, citing *State v. Smith*, 49 Ohio St.3d 261, 361 N.E.2d 1324 (1977).

**{¶19}** A defendant seeking to withdraw a post-sentence guilty plea bears the burden of establishing manifest injustice based on specific facts contained in the record or supplied through affidavits attached to the motion. *State v. Walsh*, 5ᵗʰ Dist. Licking No.14-CA-110, 2015-Ohio-4135, ¶16, citing *State v. Graham*, 5ᵗʰ Dist. Delaware No.12 CAA 11 0082, 2013-Ohio-600. A self-serving affidavit or statement is generally insufficient to demonstrate manifest injustice. *State v. Patterson*, 5ᵗʰ Dist. Stark No. 2003CA00135, 2004-Ohio-1569, ¶20.

**{¶20}** Based on a review of the complete record, Appellant's claims of debilitating depression and anxiety are not supported by substantive evidence. Appellant made a series of self-serving statements without corroboration that his ability to understand the charges against him was impaired. Furthermore, Appellant acknowledged during his change of plea hearing that he understood the charges in the indictment, the maximum penalty associated with the charges, the effect of a guilty plea, and the constitutional rights he relinquished.

**{¶21}** We find Appellant's argument that his plea was not knowing, voluntary and intelligent due to debilitating depression and anxiety without substantive evidence to support his self-serving statements to be insufficient to demonstrate manifest injustice. Therefore, the trial court did not abuse its discretion in overruling Appellant's motion to withdraw his guilty plea.

{¶22}  Appellant's Sole Assignment of Error is overruled.

{¶23}  For the foregoing reasons, the judgment of the Court of Common Pleas, Tuscarawas County, Ohio, is hereby affirmed.

By: Wise, John, J.

Hoffman, P. J., and

Wise, Earle, J., concur.

JWW/br 1026