[Cite as *State v. Monaco*, 2022-Ohio-2353.]

COURT OF APPEALS
TUSCARAWAS COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO, | : | JUDGES: |
| | : | Hon. Earle E. Wise, P.J. |
| Plaintiff - Appellee | : | Hon. W. Scott Gwin, J. |
| | : | Hon. Craig R. Baldwin, J. |
| -vs- | : | |
| | : | |
| JASON D. MONACO, | : | Case No. 2021 AP 12 0035 |
| | : | |
| Defendant - Appellant | : | O P I N I O N |

CHARACTER OF PROCEEDING:            Appeal from the Tuscarawas County
                                    Court of Common Pleas, Case No.
                                    2020 CR 08 0318

JUDGMENT:                           Reversed and Remanded

DATE OF JUDGMENT:                   July 5, 2022

APPEARANCES:

For Plaintiff-Appellee                  For Defendant-Appellant

RYAN STYER                              NATHAN A. RAY
Prosecuting Attorney                    137 South Main Street
Tuscarawas County                       Suite 201
125 East High Avenue                    Akron, Ohio 44308
New Philadelphia, Ohio 44663

*Baldwin, J.*

{¶1}    Defendant-appellant Jason Monaco appeals from the December 2, 2021 Judgment Entry of the Tuscarawas County Court of Common Pleas denying his Petition to Vacate and Set Aside Sentence. Plaintiff-appellee is the State of Ohio.

STATEMENT OF THE FACTS AND CASE

{¶2}    On August 14, 2020, appellant was indicted on four counts of Gross Sexual Imposition in violation of R.C. 2907.05, two counts of Sexual Imposition in violation of R.C. 2907.06, one count of Kidnapping in violation of R.C. 2905.01, one count of Rape in violation of R.C. 2907.02, one count of Attempted Rape in violation of R.C. 2923.02 and 2907.02, four counts of Disseminating Matter Harmful to Juveniles in violation of R.C. 2907.31, and two counts of Pandering Obscenity Involving a Minor or Impaired Person in violation of R.C. 2907.321.

{¶3}    Subsequently, appellant entered a plea of guilty to the indictment. The trial court sentenced appellant as follows: Counts 5 and 6 merge with Counts 3 and 4 for the purposes of sentencing. Count 1, 60 months in prison; Count 2, 60 months in prison, Count 3, 18 months in prison; Count 4, 18 months in prison; Count 7, mandatory 15 years to life in prison; Count 8, mandatory 10 years to life in prison; Count 9, 8 years in prison; Count 10, 18 months in prison; Count 11, 12 months in prison; Count 12, 18 months in prison; Count 13, 180 days in prison; Count 14, 8 years in prison; and Count 15, 8 years in prison. The sentences were ordered to be served concurrently for an aggregate sentence of 15 years to life.

{¶4}    Appellant did not file an appeal from his conviction or sentence. Instead, on October 29, 2020, appellant filed a pro se motion to change his plea to not guilty and

appoint new counsel. Appellant alleged he was under duress and not of sound mind due to extreme depression and anxiety when he signed his acknowledgment. He also alleged that he did not understand the evidence against him as his attorney did not go through the discovery documents with him. Appellant stated he was not guilty of the accusations.

{¶5}    On November 30, 2020, the trial court held a hearing on the pro se request for appellant to withdrawal his guilty plea. At the hearing, appellant stated that on the date of the plea and sentencing he was very shaken. He acknowledged that he discussed with counsel his plea, the rights he was waiving, and penalties he would be facing. Appellant stated that he did not review the discovery provided by appellee with his attorney. He stated that he was suffering from anxiety and depression but was not under the influence of drugs or alcohol the day of sentencing. Appellant did not submit a professional report to substantiate his claim of suffering from depression, anxiety, or any other mental health condition likely to impair his ability to voluntarily, intelligently, and knowingly enter a plea of guilty. Appellant acknowledged that he had reviewed the evidence extracted from his electronic devices, that he knew the plea offer was for fifteen years to life, and that he thought he should not have plead guilty because it wasn't a fair deal.

{¶6}    The trial court overruled appellant's motion to withdraw his post-sentence guilty plea and appellant appealed. Pursuant to an Opinion filed on October 29, 2021 in *State v. Monaco*, 5th Dist. Tuscarawas No. 2021 AP 01 0002, 2021-Ohio-3888, this Court affirmed the judgment of the trial court.

{¶7}    Thereafter, on November 18, 2021, appellant filed a Petition to Vacate and Set Aside Sentence. Appellant, in his petition, alleged that his trial counsel was ineffective. Appellant alleged that his trial counsel never reviewed any discovery with

appellant and that appellant did not know what the evidence was against him, that while in the county jail, he had a mental health breakdown due to stress, and that during the time that trial counsel was representing appellant, trial counsel, due to being investigated by the Board of Professional Conduct for ethical violations, was preoccupied and failed to provide effective representation. The trial court, pursuant to a Judgment Entry filed on December 2, 2021, denied appellant's Petition.

{¶8}    Appellant then appealed, raising the following assignments of error on appeal:

{¶9}    "I. THE TRIAL COURT ABUSED IT'S (SIC) DISCRETION WHEN IT DENIED PETITIONER-APPELLANT MONACO'S TIMELY FILED PETITION FOR POSTCONVICTION RELIEF PURSUANT TO O.R.C. 2953.21 WITHOUT ISSUING FINDINGS OF FACT AND CONCLUSIONS OF LAW."

{¶10} "II. THE TRIAL COURT ERRED IN DENYING MONACO'S POST-CONVICTION RELIEF PETITION WHERE HE PRESENTED SUFFICIENT EVIDENCE DEHORS THE RECORD TO MERIT AN EVIDENTIARY HEARING."

{¶11} On March 3, 2022, appellee filed a Motion for Remand for Hearing and Findings of Fact and Conclusions of Law. Appellee agreed with appellant that the trial court had erred as a matter of law in failing to support its decision with findings of fact and conclusions of law. This Court took the motion under advisement stating, in relevant part, as follows:

{¶12} "The parties essentially are attempting to bypass merit review of this case by agreeing the trial court should have issued findings of fact and conclusions of law. Further, Appellant is requesting this court essentially reverse the trial court requiring a

hearing, again without conducting a merit review of the issues raised in Appellant's brief. The appellate rules do not permit the parties to agree to reverse the trial court and do not permit a summary disposition of an appeal in this manner.  The motion is taken under advisement, and the panel will issue a decision while conducting merit review of the case."

I

{¶13}  Appellant, in his first assignment of error, argues that the trial court erred in denying his Petition without issuing findings of fact and conclusions of law. We agree.

{¶14}  In *State v. Reynolds*, 79 Ohio St.3d 158, 1997-Ohio-304, 679 N.E.2d 1131 at syllabus, the Supreme Court of Ohio found:

> Where a criminal defendant, subsequent to his or her direct appeal,
> files a motion seeking vacation or correction of his or her sentence on the
> basis that his or her constitutional rights have been violated, such a motion
> is a petition for postconviction relief as defined in R.C. 2953.21.

{¶15}  As such, appellant's petition is a petition for postconviction relief.

{¶16}  R.C. 2953.21(H) states, "if the court does not find grounds for granting relief, it shall make and file findings of fact and conclusions of law and shall enter judgment denying relief on the petition." If a court fails to do so, the decision is subject to reversal on appeal. *State v. Reese*, 5th Dist. Muskingum No. CT2017-0017, 2017-Ohio-4263; *State ex rel. Penland v. Dinkelacker*, 164 N.E.3d 336, 2020-Ohio-3774.

{¶17}  The findings of fact and conclusions of law should be explicit enough to give the appellate court a clear understanding of the basis of the trial court's decision and enable it to determine the grounds on which the trial court reached its decision. *State v. Jacks*, 5th Dist. Licking No. 99 CA 113, 2000 WL 329740 (Feb. 29, 2000), citing *State v.*

*Lester*, 41 Ohio St.2d 51, 322 N.E.2d 656 (1975). The purpose of requiring the trial court to include findings of fact and conclusions of law in its judgment entry is to sufficiently apprise both the petitioner and the potential appellate court of the grounds for its decision. *State v. Staats*, 5th Dist. Stark No. 2015CA00207, 2016-Ohio-2921.

**{¶18}** In this case, the trial court did not make any findings of fact and conclusions of law, and denied the petition for post-conviction relief without stating its reasons for denying the petition. We therefore sustain appellant's first assignment of error and reverse and remand this matter to the trial court to make findings of fact and conclusions of law. We will not address appellant's second assignment of error, as it is moot based upon our disposition of appellant's first assignment of error.

**{¶19}** Based on the foregoing, the December 2, 2021 Judgment Entry of the Tuscarawas County Court of Common Pleas is reversed and this matter is remanded to the trial court for proceedings consistent with this Opinion.

By: Baldwin, J.

Wise, Earle, P.J. and

Gwin, J. concur.