[Cite as *Monaco v. Monaco*, 2023-Ohio-1869.]

COURT OF APPEALS
TUSCARAWAS COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|  |  | JUDGES: |
| --- | --- | --- |
| MARANDA MONACO | : | Hon. W. Scott Gwin, P.J. |
|  | : | Hon. William B. Hoffman, J. |
| Plaintiff-Appellee | : | Hon. John W. Wise, J. |
|  | : |  |
| -vs- | : |  |
|  | : | Case No. 2023 AP 01 0001 |
| JASON MONACO | : |  |
|  | : |  |
| Defendant-Appellant | : | OPINION |

CHARACTER OF PROCEEDING:        Appeal from the Tuscarawas County Court
of Common Pleas, General Division, Case
No. 2021 TC 03 0089

JUDGMENT:        Affirmed

DATE OF JUDGMENT ENTRY:        June 6, 2023

APPEARANCES:

For Plaintiff-Appellee        For Defendant-Appellant

D. COLEMAN BOND        JASON MONACO
116 Cleveland Avenue N.W.        Noble Correctional Institution E2-E34
Suite 600        15709 McConnelsville Road
Canton, OH 44702        Caldwell, OH 43724

*Gwin, P.J.*

{¶1} Defendant-appellant Jason Monaco ["Monaco"] appeals from the December 7, 2022 Judgment Entry of the Tuscarawas County Court of Common Pleas overruling his Civ.R. 60(B)(3) motion for relief from the trial court's final judgment and decree of divorce.

*Facts and Procedural History*

{¶2} Maranda Monaco and Monaco were married on September 3, 2011. They had one child born during the marriage on January 20, 2011.

{¶3} On August 14, 2020, Monaco was indicted for three counts of Gross Sexual Imposition in violation of R.C. 2907.05, three counts of Sexual Imposition in violation of R.C. 2907.06, one count of Kidnapping in violation of R.C. 2905.01, one count of Rape in violation of R.C. 2907.02, one count of Attempted Rape in violation of R.C. 2923.02 and 2907.02, four counts of Disseminating Matter Harmful to Juveniles in violation of R.C. 2907.31, and two counts of Pandering Obscenity Involving a Minor or Impaired Person in violation of R.C. 2907.321. *See, State v. Monaco,* 5th Dist. Tuscarawas No. 2021 AP01 0002, 2021-Ohio-3888, ¶ 2.

{¶4} On August 25, 2020, Monaco signed a written durable general power of attorney appointing Maranda his attorney-in-fact to manage his affairs.

{¶5} On October 21, 2020, Monaco appeared with counsel to change his plea from not guilty on the indictment to guilty. Id. at ¶4. The trial court sentenced Monaco to an aggregate sentence of 15 years to life. Id. at ¶10. [Appellee's brief at 2].

{¶6} On March 26, 2021, Miranda Monaco filed a petition for divorce from Monaco.

**Monaco's Answer and affidavits**

{¶7} In his handwritten Answer to the divorce complaint filed April 19, 2021, Monaco told the court that he had given his wife all of his assets because he was in jail and unable to provide for his family. [Docket Entry No. 22]. He explained that he gave his wife power of attorney so that she could sell the home that he owned since 2004 and use the equity as a cushion to live on and help support the family while he was incarcerated. Monaco admitted that his credit cards have had major usage since his incarceration in August 2020. He assumed the cards were "maxed out" because the credit cards were used to repair the house in order to sell it. The house was sold December 19, 2020.

{¶8} In his Affidavit of Property filed April 19, 2021, Monaco listed under "Transfer of Assets" at page 5, the 1986 Monte Carlo SS, hand tools/saws/drills, and 401k as for "the care of family Maranda Monaco." At page 6, Monaco listed credit cards in his name for Lowes, in the amount of $2,300, Amazon, in the amount of $6,000, and Chase in the amount of $2,500. [Docket Entry No. 24].

{¶9} On September 7, 2021, Miranda filed a Separation Agreement. [Docket Entry No. 52].

**The Separation Agreement**

{¶10} The Separation Agreement signed by Monaco on August 4, 2021 provided that Maranda would receive the 2012 Chevrolet Silverado, the 1986 Monte Carlo SS, and the 1999 Yamaha four-wheeler, free from any claim of Monaco. Monaco would retain any vehicle in his name.

**{¶11}** Miranda was to receive the residence located at 442-2nd Drive NE, New Philadelphia, Ohio 44663 free and clear of any interest of Monaco. Monaco agreed that Miranda purchased this residence after the parties' separation and that he released his dower rights to this property at the time of its purchase.

**{¶12}** Each party agreed to assume and pay all outstanding debts listed in their name, individually whether such debt was incurred before the marriage, during the marriage or during any period of separation. The parties stipulated they had no joint debt.

**{¶13}** The parties were to keep their own pension and/or retirement funds free and clear from the other party. The parties were advised by legal counsel that they do not have present values for the retirement funds, pension, or any other deferred compensation account. Despite advice from legal counsel, the parties agreed to waive their right to have any retirement fund, pension, deferred compensation account, or the like, evaluated for present value by a qualified evaluator. Both parties were advised that they have the right to pursue a division of any retirement, pension, and/or deferred compensation benefit by Qualified Domestic Relation Order, Division of Property Order, or similar method.

**{¶14}** On November 3, 2021, a Magistrate's Decision was filed, which recommended granting the parties Decree of Divorce. [Docket Entry No. 75]. The magistrate's decision adopting the Separation Agreement and recommending the granting of the divorce contained an advisement that written objections to the decision must be filed in writing within fourteen days of the filing of the decision otherwise he or she may not assign as error on appeal the court's adoption of any factual finding or legal

conclusion unless he or she specifically objected to the factual finding or legal conclusion as required by Civ.R. 53(D)(3)(b).

{¶15} Neither party filed objections to the magistrate's decision. On November 19, 2021, the trial court adopted the magistrate's decision and issued the parties Decree of Divorce. [Docket Entry No. 78].

{¶16} On September 16, 2022, Monaco filed a Post-Decree Motion for Relief from Judgment. [Docket Entry No. 89]. On September 29, 2022, Monaco filed a motion to compel his transportation from prison to appear before the trial court for the hearing on his motion. [Docket Entry No. 97].

{¶17} On October 5, 2022, the trial court denied Monaco's motion to compel, and cancelled the oral hearing scheduled for November 7, 2022, and alternatively issued a briefing schedule and set the matter for a non-oral hearing on November 14, 2022. [Docket Entry No. 101].

{¶18} On October 27, 2022, Maranda filed a motion to dismiss and memorandum in support in response to Monaco's motion to vacate. On November 7, 2022, Monaco filed a motion for summary judgment and motion to strike Maranda's motion for dismissal.

{¶19} After conducting a non-oral hearing, and reviewing the motions filed by the parties, on December 8, 2022, the trial court issued a Judgment Entry that denied Monaco's motion for relief from judgment.

*Assignments of Error*

{¶20} Monaco raises three Assignments of Error,

{¶21} "I. THE TRIAL COURT ERRED WHEN IT DENIED DEFENDANT'S MOTION TO COMPEL TRANSPORT OR ARRANGE A VIDEO CONFERENCE FOR

THE TWICE SCHEDULED ORAL 'IN PERSON' HEARING, THE DENIAL WAS AN ABUSE OF DISCRETION AND VIOLATED DUE PROCESS AND EQUAL PROTECTION RIGHTS.

{¶22} "II. THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT RESCHEDULED A TWICE SCHEDULED 'LIVE AND IN PERSON' (ORAL) HEARING AS A NON-ORAL HEARING IN RESPONSE TO THE DEFENDANTS MOTION TO BE PRESENT AT SAID ORAL HEARING.

{¶23} "III. THE TRIAL COURT ABUSED ITS DISCRETION AND ERRED IN DENYING THE MOTION FOR VACATING THE JUDGMENT WHERE SUFFICIENT EVIDENCE OF QUALITY AND WEIGHT WERE PRESENTED TO MERIT THE 60(B)."

**Pro se Appellant**

{¶24} We understand that Monaco has filed this appeal pro se. Nevertheless, "like members of the bar, pro se litigants are required to comply with rules of practice and procedure." *Hardy v. Belmont Correctional Inst.*, 10th Dist. No. 06AP–116, 2006–Ohio–3316, ¶ 9. *See, also, State v. Hall*, 11th Dist. No. 2007–T–0022, 2008–Ohio–2128, ¶ 11. We also understand that "an appellate court will ordinarily indulge a pro se litigant where there is some semblance of compliance with the appellate rules." *State v. Richard*, 8th Dist. No. 86154, 2005–Ohio–6494, ¶ 4 (internal quotation omitted). We realize that an incarcerated litigant is subject to restrictions and has limited access to research materials, making it more difficult to timely comply with certain appellate rules. *See, Karmasu v. Tate,* 4th Dist. Scioto No 94 CA 2217, 1994 WL 521235. Although in a pro se action the court allows latitude to the unrepresented defendant in the presentation of his case, the court is not required to totally throw the Rules out the window. *See, Wellington v.*

*Mahoning Cty. Bd. of Elections,* 117 Ohio St.3d 143, 2008-Ohio-554, 882 N.E.2d 554, ¶18. (A substantial disregard for the rules cannot be tolerated).

{¶25} One area where this Court does not have discretion to overlook, is where facts, argument or evidence has been presented in the appellate brief that were not presented to the trial court during the proceedings in the lower court. In *State v. Hooks*, 92 Ohio St.3d 83, 2001-Ohio-150, 748 N.E.2d 528(2001), the Supreme Court noted, "a reviewing court cannot add matter to the record before it that was not a part of the trial court's proceedings, and then decide the appeal on the basis of the new matter. *See, State v. Ishmail*, 54 Ohio St.2d 402, 377 N.E.2d 500(1978)." It is also a longstanding rule "that the record cannot be enlarged by factual assertions in the brief." *Dissolution of Doty v. Doty*, 4th Dist. No. 411, 1980 WL 350992 (Feb. 28, 1980), *citing Scioto Bank v. Columbus Union Stock Yards*, 120 Ohio App. 55, 59, 201 N.E.2d 227(1963). New material and factual assertions contained in any brief in this court may not be considered. *See, North v. Beightler*, 112 Ohio St.3d 122, 2006–Ohio–6515, 858 N.E.2d 386, ¶ 7, *quoting Dzina v. Celebrezze*, 108 Ohio St.3d 385, 2006–Ohio–1195, 843 N.E.2d 1202, ¶ 16. Therefore, we have disregarded facts and documents in the parties brief that are outside of the record.

{¶26} In the interests of justice, we shall attempt to consider Monaco's assignments of error.

I, II & III

{¶27} Monaco's three Assignments of Error challenge the trial court's denial of his motion for relief pursuant to Civ.R. 60(B)(3) ("fraud [whether heretofore denominated intrinsic or extrinsic], misrepresentation or other misconduct of an adverse party").

**{¶28}** After reviewing Monaco's brief including his contentions, we have interpreted Monaco's three assignments of error in the following manner: "the trial court erred in denying his request for relief without conducting an evidentiary hearing." Because all three of Monaco's challenges involve the issue of Civ.R. 60(B) relief, we will address them collectively.

### Standard of Appellate Review

**{¶29}** In order to prevail on a motion for relief from judgment pursuant to Civ.R. 60(B), the movant must demonstrate: (1) a meritorious claim or defense; (2) entitlement to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) timeliness of the motion. *GTE Automatic Electric v. ARC Industries*, 47 Ohio St.2d 146, 351 N.E.2d 113 (1976) paragraph two of the syllabus. If any of these three requirements is not met, the motion should be overruled. *Svoboda v. Brunswick*, 6 Ohio St.3d 348, 351, 453 N.E.2d 648, 651(1983).

**{¶30}** Although a movant is not required to support its motion with evidentiary materials, the movant must do more than make bare allegations that he or she is entitled to relief. *Rose Chevrolet v. Adams,* 36 Ohio St.3d 17, 20-21, 520 N.E.2d 564(1988). In order to convince the court to set aside the judgment or to grant a hearing, the movant may decide to submit evidentiary materials in support of its motion. *Kay v. Marc Glassman, Inc.* 76 Ohio St.3d 18, 20, 665 N.E.2d 1102(1996).

**{¶31}** If the Civ.R. 60(B) motion contains allegations of operative facts which would warrant relief under Civil Rule 60(B), the trial court should grant a hearing to take evidence to verify those facts before it rules on the motion. *Kay v. Marc Glassman, Inc.*, 76 Ohio St.3d 18, 665 N.E.2d 1102(1996); *Coulson v. Coulson*, 5 Ohio St.3d 12, 16, 448

N.E.2d 809, 812 (1983). Conversely, an evidentiary hearing is not required where the motion and attached evidentiary material do not contain allegations of operative facts which would warrant relief under Civ.R. 60(B). *State ex rel. Richard v. Seidner*, 76 Ohio St.3d 149, 151, 666 N.E.2d 1134, 1136 (1996); S. *Ohio Coal Co. v. Kidney*, 100 Ohio App.3d 661, 667, 654 N.E.2d 1017, 1021(1995).

{¶32} Whether to conduct a hearing, or whether relief should be granted, is addressed to the sound discretion of the trial court. *Griffey v. Rajan*, 33 Ohio St.3d 75, 77, 514 N.E.2d 1122, 112(1987); *Accord*, *Rose Chevrolet v. Adams,* 36 Ohio St.3d 17, 20, 520 N.E.2d 564(1988).

{¶33} For a court of appeals to reach an abuse-of-discretion determination, the trial court's judgment must be so profoundly and wholly violative of fact and reason that "'it evidences not the exercise of will but perversity of will, not the exercise of judgment but defiance thereof, not the exercise of reason but rather of passion or bias.'". *State v. Weaver,* Slip Op. 2022-Ohio-4371, ¶24 (Dec. 8, 2022), *quoting Spalding v. Spalding,* 355 Mich. 382, 94 N.W.2d 810 (1959) at 384-385, *rejected in part by Maldonado v. Ford Motor Co.,* 476 Mich. 372, 388, 719 N.W.2d 809 (2006) ("we prefer the articulation of the abuse of discretion standard in [*People v. Babcock*, 469 Mich. 247, 666 N.W.2d 231 (2003)]. This Court has recognized that an abuse of discretion can be found where the reasons given by the court for its action are clearly untenable, legally incorrect, or amount to a denial of justice, or where the judgment reaches an end or purpose not justified by reason and the evidence. *Tennant v. Gallick,* 9th Dist. Summit No. 26827, 2014-Ohio-477, ¶35; *In re Guardianship of S.H.*, 9th Dist. Medina No. 13CA0066–M, 2013–Ohio–4380, ¶ 9; *State v. Firouzmandi,* 5th Dist. Licking No. 2006–CA–41, 2006–Ohio–5823, ¶54.

**Issue for Appellate Review**: *Whether the trial court abused its discretion by denying without a hearing Monaco's motion for relief under Civ R 60(B)(3) by finding the allegations of operative facts did not warrant relief from judgment*

**{¶34}** A separation agreement is a contract. *Jackson v. Jackson*, 5th Dist. Richland No. 12CA28, 2013-Ohio-3521, ¶22. In the absence of fraud, duress, overreaching or undue influence, or of a factual dispute over the existence of terms in the agreement the agreement should not be set aside. Neither a change of heart nor poor legal advice is a ground to set aside a settlement agreement. *Pastor v. Pastor*, 5th Dist. Fairfield No. 04 CA 67, 2005–Ohio–6946, ¶ 18, *citing Walther v. Walther*, 102 Ohio App.3d 378, 383, 657 N.E.2d 332 (1st Dist. 1995); *Jackson,* ¶24.

**{¶35}** Through his Civ.R. 60(B)(3) motion Monaco argued that the separation agreement should be set aside because he was under duress from his criminal case and because it was fraudulently obtained. Monaco alleged Maranda instigated the transfer of assets knowing in advance that she would file for divorce, and further, after filing for divorce she misled him into signing the Separation Agreement by indicating that she would not divorce him if he signed it. In her response, Maranda alleges that Monaco instigated the action in response to learning of her relationship with another individual.

### *Duress*

**{¶36}** To avoid a contract on the basis of duress, a party must prove coercion by the other party to the contract. *Blodgett v. Blodgett*, 49 Ohio St.3d 243, 551 N.E.2d 1249(1990), syllabus. The *Blodgett* court further observed that three elements are common to all situations where duress has been found to exist: (1) that one side involuntarily accepted the terms of another; (2) that circumstances permitted no other

alternative; and (3) that said circumstances were the result of coercive acts of the opposite party. *Blodgett,* at 246, 551 N.E.2d 1249, citations omitted.

### *Monaco did not provide allegations of operative facts which would warrant relief from judgment on the basis of duress*

{¶37} Monaco claims that Maranda encouraged him to plead guilty to the indictment in the criminal case. There is no evidence in the record, other than Monaco's self-serving statements, to support this assertion. Monaco was represented by counsel in that case. This Court upheld the trial court's denial of Monaco's motion to withdraw his post-sentence guilty plea. *See, State v. Monaco,* 5th Dist. Tuscarawas No. 2021 AP 01 0002, 2021-Ohio-3888. Any duress Monaco was under was not caused by Maranda. Monaco, not Maranda, was solely responsible for the conduct that resulted in the indictment to which he pled guilty.

{¶38} Monaco did not substantiate operative facts that no other alternative was available. Monaco could have simply not signed the separation agreement and proceeded to contest the division of property in the divorce case. Monaco did not file an objection to the magistrate's decision or an appeal from the trial court's decision. Monaco waited nearly one year after the issuance of the divorce decree to file his Civ.R. 60(B) motion.

### *Fraud*

{¶39} Monaco next contends that the separation agreement was procured by fraud. [Appellant's brief at 14-16].

{¶40} The elements of fraud are well-established and are generally stated to be 1). an actual or implied misrepresentation of material fact; 2). made with knowledge that

the representation is false or with utter disregard for its truth or falsity; 3). made with the intention of misleading the other party into relying upon it, and; 4). reliance by the other party upon the misstated fact with resulting injury as a consequence of such reliance. *Block v. Block*, 165 Ohio St. 365 135 N.E.2d 857(1956), paragraph two of the syllabus. To set aside a separation agreement on the grounds that one of the parties was induced to sign the agreement as a result of the fraudulent acts of the other party, the essential elements of fraud must be established.

### *Monaco has failed to allege operative facts sufficient to establish his entitlement to relief on the basis of fraud with respect to the sale of the home he had owned*

{¶41} Monaco admitted that he gave Maranda power of attorney so she could sell the house that he owned. By his own admission, Monaco was aware the house was sold December 19, 2020, some seven months prior to signing the separation agreement on August 4, 2021. In his motion for relief from judgment, Monaco noted that the retainer to pay his attorney in the criminal case was paid from a portion of the proceeds. In his Answer to the divorce complaint, Monaco professed his desire to provide for his family while incarcerated. He presented nothing that indicates or suggests Maranda made a false or misleading statement that caused Monaco to transfer the house to her.

### *Monaco has failed to allege operative facts sufficient to establish his entitlement to relief on the basis of fraud with respect to the credit cards in his name*

{¶42} Monaco contends that Maranda used his credit cards with no intent to pay them off. He argued he did not know the balances were "maxed out" prior to February 2022.

{¶43} Monaco consented to Maranda using the credit cards by giving her his power of attorney. Monaco was aware the cards were used in order to prepare the home for sale. Monaco represented to the court on April 19, 2021 that he, at the very least, believed his credit cards were maxed out. Monaco knew that he did not have the credit card records before he signed the separation agreement. Attached as Exhibit D to Monaco's motion is a JPay correspondence dated February 8, 2021 in which Maranda told Monaco that if she used the proceeds from the sale of the home to pay off his bills, "it will leave the boys and I nothing." She indicated that she could not do that and asked Monaco to inform his mother of that fact. Thus, Monaco was on notice prior to signing the separation agreement that Maranda had not used the proceeds from the sale of the home to pay his bills.

{¶44} Monaco presented no operative facts that Maranda made a false or misleading statement with respect to his credit cards.

### *Monaco has failed to allege operative facts sufficient to establish his entitlement to relief on the basis of fraud with respect to his 401(K)*

{¶45} In his Affidavit of Property filed April 19, 2021, Monaco listed under "Transfer of Assets" at page 5, his 401(K) for "care of family Maranda Monaco." [Docket No. 24]. The separation agreement clearly states that neither party had present values for any retirement funds, pension, or any other deferred compensation account. Monaco

further waived his right to have any retirement fund, pension, deferred compensation account, or the like, evaluated for present value by a qualified evaluator.

{¶46} In his Answer to the divorce complaint, Monaco was adamant that he had literally given his family "everything that I had and legally owned to ensure that they were taken care of while I fight my battles." The evidence establishes that any transfer was done so that his family could be supported while he was in prison, not as the result of any action on the part of Maranda to mislead Monaco into believing she would not divorce him.

### *Property located at 442-2nd Drive, N.E. New Philadelphia, Ohio 44663*

{¶47} Monaco alleged in his Motion for Relief that Maranda forged the warranty deed to the property located at 442-2nd Drive, N.E. New Philadelphia, Ohio 44663. He further claims that he never released his dower interest.

{¶48} Monaco is not listed on the mortgage as a borrower or a co-borrower. The borrower is listed solely as Maranda. Maranda and Monaco signed the mortgage document on June 17, 2021.

{¶49} Maranda was given the home free and clear of any interest of Monaco by the separation agreement. The agreement noted that she purchased this residence after the parties' separation and that Monaco had released his dower interest. Monaco did not file an objection to the magistrate's decision claiming fraud in the purchase of the residence by Maranda, or that he did not in fact release his dower interest. It is well established that a Civ.R. 60(B) motion cannot be used as a substitute for an appeal and that the doctrine of res judicata applies to such a motion. *Harris v. Anderson*, 109 Ohio St.3d 101, 2006-Ohio-1934, 846 N.E.2d 43, ¶ 8–9. *See also*, *Doe v. Trumbell County*

*Children Services Bd.*, 28 Ohio St.3d 128, paragraph 2 of the syllabus. Monaco waited nearly one year to file his Civ.R. 60(B) motion, in spite of the fact that the separation agreement clearly spelled out the terms concerning this residence,

### *Misrepresentations concerning maintaining action for divorce*

**{¶50}** Monaco failed to present any evidence other than his personal belief that Maranda instigated the power of attorney, the transfer of assets, or the separation agreement knowing in advance that she would divorce him. Monaco has failed to present operative facts that after filing for divorce, Maranda misled him into signing the Separation Agreement by indicating that she would not divorce him if he signed it.

**{¶51}** Monaco gave his wife power of attorney because he was incarcerated and unable to support his family. Seven months elapsed from the time Monaco signed the power of attorney to the time Maranda filed for divorce. During that time, Monaco received an aggregate prison sentence of 15 years to life.

**{¶52}** Monaco knew the facts and circumstances underlying the decision to file for divorce by his wife. Monaco knew that his wife had filed for divorce. He knew the terms in the separation agreement and elected to proceed with the dissolution. Although he may have desired to reconcile with his wife, we find nothing in the record to indicate that she ever promised Monaco she would reconcile, wait for him to be released from prison, or that she would withdraw her complaint for divorce. In fact, Monaco himself claimed that the system was forcing the couple to divorce so that his family would qualify for government assistance. His conclusionary assertions claiming ignorance of the law and overreaching, duress or fraud by Maranda do not amount to substantial grounds that justify granting relief. *See Settonni v. Settonni*, 8th Dist. Cuyahoga No. 97784, 2012-

Ohio-3084, ¶ 33 ("Appellant cannot now rely on Civ.R. 60(B)(4) to vacate his voluntary, deliberate choice to enter into an agreement merely because hindsight reveals he may not have made a wise choice."). *H.G. v. E.G.,* 8th Dist. Cuyahoga No. 111004, 2022-Ohio-2585, ¶24. Monaco does not present any corroborating evidence, or legal authority to support his allegation that he is entitled to relief from judgment.

**{¶53}** We find that Monaco did not present sufficient operative facts to allege the defense of duress or to demonstrate fraud, misrepresentation, or misconduct under Civ.R. 60(B)(3). *See Settonni v. Settonni*, 8th Dist. No. 97784, 2012–Ohio–3084, ¶ 27 (appellee's assertion that appellant's threats compelled him to sign an unfair separation agreement "rises only to the level of a mere general allegation that these events occurred" and does not justify relief under Civ.R. 60(B)(3)."). It was not an abuse of discretion for the trial court to deny Monaco's Civ.R. 60(B)(3) motion for relief from judgment.

**{¶54}** Because Monaco failed to establish operative facts to allege the defense of duress or to demonstrate fraud, misrepresentation, or misconduct, it was unnecessary for the trial court to conduct a hearing before overruling Monaco's motion. Therefore, it was unnecessary for the trial court to order Monaco transported to court because no hearing was required and no in-person hearing took place.

{¶55}  Monaco's First, Second and Third Assignments of Error are overruled.

{¶56}  The judgment of the Tuscarawas County Court of Common Pleas is affirmed.

IN THE COURT OF APPEALS FOR TUSCARAWAS COUNTY, OHIO

FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| MARANDA MONACO | : | |
| | : | |
| Plaintiff-Appellee | : | |
| | : | |
| | : | |
| | : | |
| -vs- | : | JUDGMENT ENTRY |
| | : | |
| JASON MONACO | : | |
| | : | |
| | : | |
| Defendant-Appellant | : | CASE NO. 2023 AP 01 0001 |

For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Tuscarawas County Court of Common Pleas is affirmed. Costs to appellant.

_____
HON. W. SCOTT GWIN

_____
HON. WILLIAM B. HOFFMAN

_____
HON. JOHN W. WISE