FRANK ET, PLAINTIFFS-APPELLANTS, *v.* MOORE ET, DEFENDANTS-APPELLEES.

Ohio Appeals, First District, Clermont County.

No. 296.   Decided November 18, 1963.

*Messrs. West & West,* for plaintiffs-appellants.

*Messrs. Nichols, Speidel & Nichols,* for Arthur T. Moore and Lois H. Moore, defendants-appellees.

*Mr. Charles W. Jackson,* for Jack Pratt, defendant-appellee.

*Mr. John D. Erhardt,* for The Clermont-Warren Real Estate Board, Amicus Curiae.

*Mr. Lawrence E. Eichel,* for The Cincinnati Real Estate Board, Amicus Curiae.

*Mr. Wm. R. Van Aken,* for The Ohio Association of Real Estate Boards, Inc., Amicus Curiae.

*Messrs. R. O. Klausmeyer, Conrad Magrish* and *Wm. B. Shaffer, Jr.,* for the Committee on Unauthorized Practice of Law of The Cincinnati Bar Association, Amicus Curiae.

HOVER, P. J.   This appeal on questions of law presents

but one assignment of error for the consideration of this Court. Did the court below err in dismissing plaintiffs' petition for specific performance of an alleged contract to purchase real estate "solely by reason of the preparation of said contract by said Jack Pratt, a person not licensed to practice law?" The court in answering this question determined that the contract was illegal and void and totally unenforceable; that the plaintiffs were thereby prohibited from introducing further testimony in the case, and that they were decreed to have no rights under said contract.

The matter is before this Court on the transcript of the docket and journal entries in the court below, the bill of exceptions, the briefs and argument of counsel for both appellant and appellee, and the briefs and arguments amicus curiae of the Clermont-Warren Real Estate Board, the Ohio Association of Real Estate Boards, Inc., the Cincinnati Real Estate Board, and The Cincinnati Bar Association.

A copy of the alleged contract appears in the bill of exceptions as Plaintiffs' Exhibit "1." It is a printed document headed "Contract To Purchase." It carries as a sub-heading the name of Jack Pratt, Builder-Broker-Contractor, together with Jack Pratt's address and telephone number. This, apparently, is mere advertising and is totally irrelevant to the rest of the document. The body of the contract consists of printed matter interspersed with various blank spaces in which are inserted, in typewriting, the specific details of the proposed sale. It also carries in appropriate places what purport to be the signatures of the seller and buyer, the plaintiff and defendant herein.

In the pleadings, the plaintiffs allege that this is a valid contract for the sale of the real estate described therein and allege that they are ready, willing and able to perform the terms thereof. By answer, defendants deny the ability of the plaintiffs to perform the contract under the terms and conditions thereof and cross-petition for the return of their down-payment.

As observed above, the only question in this case is whether or not the parties are entitled to apply to a court of competent jurisdiction for a determination of their claimed rights. The determination and enforcement of contractual relationships be-

tween citizens is a primary function of the entire judicial system. It is only in exceedingly rare cases that a court is justified in refusing to determine such obligations. Such instances occur, for example, where the contract involves contraband or a matter of a criminal nature; where the subject matter of the contract is against public policy, or where certain types of contracts are specifically prohibited. An alleged contract between private individuals to buy and sell real estate fits none of these categories and the parties to this case are entitled to a determination of their rights and obligations upon proper application to a court of competent jurisdiction.

The status, competency, ability or authority of the scrivener of a contract to write it is not in issue here,—the contract existing independently of whatever individual may have been instrumental in reducing it to writing. Even if the alleged contract were so artless, so confused or so nonsensical as to be incapable of interpretation, the parties to it still would be entitled to a finding to this effect rather than a finding that it is illegal or void because the scrivener may have exceeded the authority conferred upon him. Whether or not the alleged contract is enforceable will depend upon whatever testimony may be produced during a hearing tending to show the real intent and meaning of the document and of the contracting parties. Such a determination can be made only after a consideration by the court of all of the evidence offered by the parties rather than a prohibition against receiving any evidence in the case beyond the alleged ineptness or incapacity of the scrivener. The court may not punish or reprimand an alleged violation of a realtor's license by refusing to recognize the rights of the contracting parties. The litigants, who cannot be expected to be aware of the niceties of distinction between the rights of the realtor and the rights of an attorney, should nevertheless not be ground between these conflicting interests in seeking relief in the courts.

None of the cases cited in any of the briefs relative to the function of realtor and attorney presume to hold that a determination of the conflicting professional interests will cause the rights of parties to a contract to depend upon the licensed authority of the person by whom the contract is drafted.

The adjudicated case which the court below apparently fol-

228

lowed in making its ruling (*Realty Company* v. *Gresser et al*, 88 Ohio Law Abs., 550, Clinton County Common Pleas), involved a suit by an offending realtor for his fee. It did not involve, as here, the interpretation of a purchase contract. The case is not applicable here nor does it control the rights of these litigants.

It is the opinion of this Court and it is so held that the court below committed error prejudicial to the plaintiff-appellants in summarily dismissing plaintiffs' petition. The judgment of the Court of Common Pleas is accordingly reversed and the cause remanded for further consideration of the issues raised by the pleadings.

HILDEBRANT and LONG, JJ., concur.