PADAVICK, APPELLEE, *v.* CITY OF CLEVELAND HEIGHTS, APPELLANT.

(No. 72-617—Decided April 18, 1973.)

*Mr. Rocco J. Russo,* for appellee.
*Mr. Jules N. Koach,* for appellant.

*Per Curiam.* The petition of the appellee stated that he was unlawfully imprisoned and restrained of his liberty. A search of the record reveals no evidence to support this allegation. The record clearly shows that he was charged

and tried in the Cleveland Heights Municipal Court, and was convicted and sentenced under journal entries executed by the judge of that court.

R. C. 2725.05 provides as follows:

"If it appears that a person alleged to be restrained of his liberty is in the custody of an officer under process issued by a court or magistrate, or by virtue of the judgment or order of a court of record, and that the court or magistrate had jurisdiction to issue the process, render the judgment, or make the order, the writ of habeas corpus shall not be allowed. * * *"

Although appellee may allege other facts in his brief, he fails to question the jurisdiction of the sentencing court or the custody of the restraining officer; nor has he presented any evidence in support of his petition.

Habeas corpus is not the proper mode of redress where the petitioner has been convicted of a criminal offense and sentenced to imprisonment therefor by a court of competent jurisdiction. The availability of the postconviction remedies provided by R. C. 2953.21 to 2953.24, inclusive, is ground for denial of a writ of habeas corpus, except as provided in R. C. 2725.05. See *Linkletter* v. *Walker, Warden* (1965), 381 U. S. 618, 14 L. Ed. 2d 601, 85 S. Ct. 1731; *Freeman* v. *Maxwell* (1965), 4 Ohio St. 2d 4, 210 N. E. 2d 885; *In re Copley* (1972), 29 Ohio St. 2d 35, 278 N. E. 2d 358.

We find that the remedy pursued in the instant case was wholly unsupported as well as inappropriate and inapplicable on the record presented. It is the opinion of this court that the writ of habeas corpus should have been denied by the trial court.

The judgment of the Court of Appeals is reversed, and the cause is remanded to the Cleveland Heights Municipal Court.

*Judgment reversed.*

O'Neill, C. J., Herbert, Corrigan, Stern, Celebrezze, W. Brown and P. Brown, JJ., concur.