## COLLINS

v.

## The STATE of Ohio.

[Cite as *Collins v. State* (1991), 74 Ohio App.3d 660.]

Court of Appeals of Ohio,
Cuyahoga County.

No. 61929.

Decided June 27, 1991.

*Brian Kraig,* for relator.

*Stephanie Tubbs Jones,* Prosecuting Attorney, for respondent.

JAMES D. SWEENEY, Presiding Judge.

*Sua sponte,* the court dismisses the above-captioned habeas corpus action for failure to state a claim for the following reasons. Petitioner Orlando Collins asserts that he was denied his right to counsel, because his trial attorney, Lloyd O. Brown, Jr., has recently had his license to practice law rescinded. See *In re July 1986 Ohio Bar Examination Applicant No. 125, Lloyd Odom Brown, Jr.* (1991), 60 Ohio St.3d 604, 573 N.E.2d 592. Thus, Collins claims that his conviction is null and void and should be vacated.

■ This argument is not persuasive. At the time of the trial, Brown was duly licensed to practice law in the state of Ohio and did represent Collins. The subsequent revocation of the license does not render all of Brown's acts null and void *ab initio.* Cf. *Frank v. Moore* (1963), 1 Ohio App.2d 90, 30 O.O.2d 112, 93 Ohio Law Abs. 225, 198 N.E.2d 82.

■ R.C. 2725.05 provides that if a court had jurisdiction to issue the process, judgment or order by which the individual is restrained, then "the writ of habeas corpus shall not be allowed." In the present case, it is undisputed that the court of common pleas had jurisdiction to order imprisonment for the crimes at issue, drug trafficking and possession of criminal tools. Collins' claims relating to Brown's capacity to practice law at the time of trial do not divest the common pleas court of its basic jurisdiction. Therefore, the writ of habeas corpus should not be allowed.

■ Moreover, habeas corpus will not lie if an adequate remedy at law is available. R.C. 2953.21, post-conviction remedies, provides Collins with a procedure to redress any denial or infringement of his constitutional rights under the United States and Ohio Constitutions. Under this statute, he may file his petition at any time and attach any supporting documentary evidence to support his claims. The General Assembly enacted R.C. 2953.21 as an

emergency measure to decrease the number of such habeas corpus petitions and to provide a more orderly method of hearing constitutional claims. The Ohio Supreme Court has repeatedly ruled that a post-conviction petition is an adequate remedy which prevents the issuance of habeas corpus relief. *Freeman v. Maxwell* (1965), 4 Ohio St.2d 4, 33 O.O.2d 2, 210 N.E.2d 885, certiorari denied (1966), 382 U.S. 1017, 86 S.Ct. 634, 15 L.Ed.2d 532; *Padavick v. Cleveland Hts.* (1973), 34 Ohio St.2d 15, 63 O.O.2d 40, 295 N.E.2d 193. Accordingly, because Collins has an adequate remedy at law, the writ of habeas corpus should not issue.

Additionally, petitioner's claim of ineffective assistance of counsel was raised and rejected by this court in his direct appeal from the underlying conviction. See *State v. Collins* (May 10, 1990), Cuyahoga App. No. 56747, unreported, at 8–9, 1990 WL 61735. Having been considered and rejected, the claim is barred by the doctrine of *res judicata.*

Petition dismissed. Petitioner to pay costs.

*Petition dismissed.*

DYKE and FRANCIS E. SWEENEY, JJ., concur.