The STATE of Ohio, Appellee,

v.

ALLEN, Appellant. ■

[Cite as *State v. Allen* (1997), 121 Ohio App.3d 666.]

Court of Appeals of Ohio,
Eighth District, Cuyahoga County.

Decided July 28, 1997.

*Stephanie Tubbs Jones,* Cuyahoga County Prosecuting Attorney, and *Christopher L. Frey,* Assistant Prosecuting Attorney, for appellee.

*Jeffrey B. Allen, pro se.*

---

*Per Curiam.*

The issue in this accelerated appeal is whether relief will lie in postconviction relief proceedings for a *pro se* claim of ineffective assistance of counsel rendered by a suspended attorney whose only alleged act of legal representation consisted of advising a petitioner that he should waive the right to a preliminary hearing. The trial court held that no prejudicial error occurred because a fully licensed counsel represented petitioner at trial;  therefore, any denial of the right to

counsel at the preliminary hearing was harmless. We agree and decline to impose a *per se* rule that would vitiate the results of a criminal trial in the absence of demonstrated error and prejudice resulting from the suspended attorney's representation.

The record shows that on December 9, 1993, the municipal court appointed Thomas McMahon to represent petitioner Jeffrey Allen at the preliminary hearing. That same day, the municipal court informed petitioner of his rights, and petitioner choose to waive his right to a preliminary hearing. The municipal court found probable cause to hold petitioner for trial and bound the matter over to the grand jury. The grand jury returned a four-count indictment charging petitioner with counts of robbery, uttering, forgery, and receiving stolen property. At the arraignment, the court of common pleas appointed petitioner a different attorney for trial. A jury found petitioner guilty of robbery, uttering, and receiving stolen property, and not guilty of forgery. We affirmed the conviction in *State v. Allen* (1995), 102 Ohio App.3d 696, 657 N.E.2d 843.

Following direct appeal, petitioner learned that McMahon had been indefinitely suspended from the practice of law prior to being appointed to represent petitioner at the preliminary hearing. McMahon's disciplinary record began with a public reprimand resulting from neglect of a legal matter. *Disciplinary Counsel v. McMahon* (1992), 64 Ohio St.3d 460, 597 N.E.2d 85. When McMahon failed to pay ordered costs, the Supreme Court found McMahon in contempt and granted him ten days within which to purge himself. *Disciplinary Counsel v. McMahon* (1993), 66 Ohio St.3d 1441, 608 N.E.2d 1086. McMahon failed to purge the contempt, and on April 27, 1993, the Supreme Court ordered his indefinite suspension. *Disciplinary Counsel v. McMahon* (1993), 66 Ohio St.3d 1464, 611 N.E.2d 323. The Supreme Court accepted McMahon's resignation as an attorney on April 29, 1997. *In re Resignation of McMahon* (1997), 78 Ohio St.3d 1223, 678 N.E.2d 1221.

The petition for postconviction relief asserted the sole ground that petitioner had been denied his Sixth Amendment right to counsel at the preliminary hearing when the municipal court appointed an attorney whose license had been under suspension to represent petitioner. Petitioner averred that he relied upon McMahon's advice to waive the preliminary hearing, despite knowing that his nephew had confessed to the charges. He claimed that a preliminary hearing might have caused the police to investigate the matter further.

In findings of fact and conclusions of law the trial court rejected this claim. While conceding that the preliminary hearing was a critical stage of the proceedings to which the right of counsel attached, the trial court nonetheless refused to find *per se* error. The trial court noted that McMahon did not represent petitioner at trial, so any denial of the right to counsel at the preliminary hearing

stage would have been harmless. In reaching this conclusion, the trial court distinguished our decision in *State v. Newcome* (1989), 62 Ohio App.3d 619, 577 N.E.2d 125, where we held that a trial court erred by refusing to permit, with no objection from the state, a defendant's motion to withdraw a guilty plea that he been entered while Newcome was represented by counsel whose license to practice law had been suspended. The trial court considered the guilty plea in Newcome to be "the ultimate act" in the defense of the criminal case, whereas petitioner's claimed violation occurred at a point where the alleged denial of the right to counsel could be rectified without adverse consequences to petitioner's rights.

The trial court further found that petitioner did present a full defense, including alibi witnesses. Given this full opportunity to present a defense with licensed counsel, the trial court found that granting a new trial would not change the outcome of the verdict.

■ The Sixth Amendment, made applicable to the states through the Due Process Clause of the United States Constitution, guarantees an accused the "assistance of counsel." The right to counsel exists at all critical stages of the criminal process, and a preliminary hearing is considered just such a critical stage. *State v. Spates* (1992), 64 Ohio St.3d 269, 595 N.E.2d 351, paragraph one of the syllabus, citing *Coleman v. Alabama* (1970), 399 U.S. 1, 90 S.Ct. 1999, 26 L.Ed.2d 387. Clearly, McMahon's suspension from the practice of law prevented him from representing petitioner in the capacity as an "attorney" at the preliminary hearing, but McMahon's suspension does not necessarily suggest a *per se* rule that petitioner lacked "counsel" in a way that would void his conviction.

Violations of the Sixth Amendment right to counsel do not necessarily require *per se* reversals of convictions. In *State v. Bonnell* (1991), 61 Ohio St.3d 179, 573 N.E.2d 1082, the Supreme Court rejected the imposition of a *per se* rule for Sixth Amendment violations occurring at arraignment and held that the accused "must demonstrate that he was prejudiced by the absence of counsel at the arraignment." *Id.* at 182, 573 N.E.2d at 1086; see, also, *State v. Evans* (1992), 63 Ohio St.3d 231, 250, 586 N.E.2d 1042, 1057–1058.

Petitioner cites our holding in *State v. Newcome* as reflecting our adoption of a *per se* rule relating to Sixth Amendment violations, but the issue in *Newcome* was whether the trial court abused its discretion by refusing to permit Newcome to withdraw his guilty plea after the parties learned that Newcome's attorney had been under suspension at the time. With the state agreeing that Newcome should have been permitted to withdraw his guilty, we held that Newcome demonstrated manifest injustice sufficient to permit the plea withdrawal. 62 Ohio App.3d at 620, 577 N.E.2d at 125–126. In reaching this conclusion, we stated, "Defendant did not receive his constitutional right to the assistance of

counsel at the time he pled guilty because he was represented by an attorney who was suspended from the practice of law." *Id.*

The quoted portion of *Newcome* should not be read as imposing a *per se* rule. Because the state conceded the issue on appeal, we had no occasion to engage in any analysis on the right to counsel issue. Moreover, as the trial court noted, the violation in *Newcome* culminated with an uncounseled guilty plea, the ultimate act in a criminal case. The extent of petitioner's lack of representation in this case, however, consisted only of waiving the right to a preliminary hearing. As a practical matter, waiving the preliminary hearing simply bound the matter over to the grand jury, which found probable cause to return an indictment. The trial court appointed different counsel to represent petitioner at his arraignment in the court of common pleas, and petitioner's Sixth Amendment rights were preserved throughout the trial.

Petitioner argues that a preliminary hearing would have enabled him to present evidence that his nephew committed the offense and might have ended the investigation against him at that point in time. This is a tenuous proposition at best. While we do not know what transpired before the grand jury, our opinion in *Allen, supra,* showed that two eyewitnesses to the offense positively identified petitioner as the assailant. 102 Ohio App.3d at 699, 657 N.E.2d at 844–845. At trial, petitioner's nephew claimed culpability for the offenses, yet gave unconvincing testimony as to the time of the offenses, saying it occurred at 7:41 a.m., while the victim testified the offense occurred at 1:21 p.m. We held that "the jury was free to disbelieve [the nephew's] testimony that he committed the robbery." *Id.* at 702, 657 N.E.2d at 847. Presumably, these same facts would have been presented to the grand jury, and we have no doubt that these facts would not have prevented the grand jury from returning an indictment. Consequently, we find petitioner has failed to show any prejudice resulting from McMahon's advice to waive the preliminary hearing.

Our position is consistent with federal court decisions construing alleged *per se* violations of the Sixth Amendment. *Per se* violations of the right to counsel have been found to arise in only two limited circumstances: (1) counsel was not, at the time of the accused's trial, duly licensed to practice law because of a failure ever to meet the substantive requirements to practice law or (2) the attorney is implicated in the accused's crimes. See *Bellamy v. Cogdell* (C.A.2, 1992), 974 F.2d 302, 306; *Vance v. Lehman* (C.A.3, 1995), 64 F.3d 119, 122. As to the first criterion (which is applicable to the issue raised in this appeal), the "constitutional question is whether the court has satisfied itself of the advocate's competence and authorized him to practice law." *Reese v. Peters* (C.A.7, 1991), 926 F.2d 668, 670.

*Reese* is very similar to this case. Reese's attorney had been suspended from the practice of law after failing to pay his bar dues, but before assuming the

defense of Reese's case. Reese argued that the suspension equated to no "assistance of counsel" for purposes of the trial. The court disagreed, noting that historically, licensing of attorneys had not been a prerequisite for the practice of law. The word "counsel" as used in the 1790s simply meant a person "deemed by the court fit to act as another's legal representative and inscribed on the list of attorneys." *Id.* at 669. Recognizing that the tradition of appearing in court without express licensure survives to this day by admission *pro hac vice,* the Seventh Circuit Court of Appeals found that such admission could bear little or no relationship to the local bar to which the attorney sought admission *pro hac vice. Id.* at 669–670. *Reese* considered that admission to a federal bar would not be endangered by an attorney's failure to pay state bar association dues. *Id.,* citing *In re Ruffalo* (1968), 390 U.S. 544, 88 S.Ct. 1222, 20 L.Ed.2d 117; see, also, *United States v. Hoffman* (C.A.9, 1984), 733 F.2d 596, 599–600 (rejecting *per se* rule that attorney's suspension by state bar necessarily results in the denial of assistance of counsel in the federal court of another state).

■ McMahon's suspension did not implicate his failure "ever" to meet the substantive qualifications to practice law in the state of Ohio. McMahon's admission to the bar necessarily indicated either that he passed the Ohio bar examination or was approved for admission without examination by virtue of admission to the bar of another state. See, generally, Gov.Bar R. I, Sections 1 and 9. McMahon having gained proper admission to the bar, his initial qualifications are not suspect, and his suspension does not suggest a *per se* violation of the right to counsel. Contrast *Solina v. United States* (C.A.2, 1983), 709 F.2d 160 (*per se* rule applied because counsel had never been admitted to the bar of any state); *United States v. Novak* (C.A.2, 1990), 903 F.2d 883 (*per se* violation when defendant represented by person who fraudulently gained entry to the New York Bar by obtaining improper exemption). *Solina* noted, "In construing the original understanding of the term 'counsel' we do not intimate that any technical defect in the licensed status of a defendant's representative would amount to a violation of the Sixth Amendment." 709 F.2d at 167. The cases reject such technical defects in an attorney's status in a number of situations. See, *e.g., Collins v. State* (1991), 74 Ohio App.3d 660, 600 N.E.2d 284 (revocation of defense counsel's license following defendant's criminal trial did not void conviction on Sixth Amendment grounds); *Vance v. Lehman* (C.A.3, 1995), 64 F.3d 119 (representation of defendant by attorney whose license was revoked after trial because of prior unrelated professional conduct did not *per se* deny defendant Sixth Amendment right to counsel); *Waterhouse v. Rodriguez* (C.A.2, 1988), 848 F.2d 375 (attorney suspension occurring midtrial does not constitute a Sixth Amendment violation).

More to the point, in *Kieser v. New York* (1995), 56 F.3d 16, the Second Circuit Court of Appeals found no violation of the right to counsel when an attorney

represented a defendant at an arraignment despite being temporarily suspended from the New Jersey Bar. Citing *Solina,* the court found this a technical defect that did not violate Sixth Amendment rights. *Id.* at 17. Finally, in *United States v. Stevens* (C.A.10, 1992), 978 F.2d 565, the Tenth Circuit Court of Appeals rejected a *per se* rule and held that legal assistance provided by an attorney who had been disbarred by the federal court, but who did not receive notification of the disbarment until after trial, did not constitute error in the absence of demonstrated prejudice. *Id.* at 567–568.

Certainly, McMahon's suspension for neglecting the legal matter of a client reflected poorly on his performance as an attorney, but it has long been considered that "the breach of an ethical standard does not necessarily make out a denial of the Sixth Amendment guarantee of assistance of counsel." *Nix v. Whiteside* (1986), 475 U.S. 157, 165, 106 S.Ct. 988, 993, 89 L.Ed.2d 123, 134; *Bond v. United States* (C.A.7, 1993), 1 F.3d 631, 636–637. Importantly, McMahon's disciplinary action occurred in an unrelated case and had nothing to do with his representation of petitioner. The best petitioner can offer to show that McMahon violated an essential duty is to say that McMahon advised him to waive the preliminary hearing and permit the matter to go to the grand jury. Given the compelling evidence that suggested probable cause to issue an indictment, we cannot say that the result would have been different had petitioner been appointed fully licensed counsel. Accordingly, we find petitioner has failed to show a constitutional error in the proceedings below. The assigned error is overruled.

*Judgment affirmed.*

MATIA, C.J., PATTON and HOLMES, JJ., concur.

ROBERT E. HOLMES, J., retired, of the Supreme Court of Ohio, sitting by assignment.