DECISION AND JUDGMENT ENTRY
{¶ 1} This matter is before this court on a petition for a writ of habeas corpus filed by relator, Daniel L. Rittner, Sr., acting pro se, on September 15, 2004. In support of his motion, relator states that the trial court does not have jurisdiction to detain him, and that he has been unlawfully denied bail in violation of his constitutional rights. Along with his petition, relator has filed the documents required by R.C. 2725.04 and2969.25.
 {¶ 2} The relevant facts are as follows. Relator pled guilty to the crime of rape in 1993, and was sentenced to two concurrent sentences of six to 25 years, with six years of actual incarceration. On October 3, 2002, relator filed a motion to withdraw his guilty plea pursuant to Crim.R. 32.1, in which he argued that the plea was involuntary because he was mentally incompetent at the time it was entered. On November 20, 2002, the trial court found that relator's motion was not timely filed, and denied it without holding a hearing.
 {¶ 3} On September 30, 2003, this court filed an opinion and judgment entry in which we found that the trial court erred by "summarily ruling against [relator's] motion to withdraw his guilty plea without ruling on the merits." State v. Rittner,
6th Dist. No. F-02-034, 2003-Ohio-5201, at ¶ 16. Accordingly, the case was remanded to the trial court so that a hearing could be held on relator's motion. Id. at ¶ 27.
 {¶ 4} After the case was remanded to the trial court, relator was ordered to undergo a month-long psychological examination. During that same time period, relator filed many motions in the trial court. Among those filings were a motion to dismiss and a motion for bail, both of which the trial court denied on May 13, 2004, after finding they were prematurely filed. In that same judgment entry, the trial court stated that "[a]ll other matters were continued pending receipt of further Briefing, receipt of the Psychological Evaluation, further proceedings, and Final Hearing of [relator's] Motion to Withdraw Plea."
 {¶ 5} On September 15, 2004, relator filed the petition herein, in which he asserts that he is being unlawfully restrained of his liberty because the trial court has no jurisdiction over him, since it has not yet held a hearing on the motion to withdraw his plea. Relator further states that he has been unlawfully denied bail.
 {¶ 6} R.C. 2725.05 provides, in pertinent part, that:
 {¶ 7} "If it appears that a person alleged to be restrained of his liberty is in the custody of an officer under process issued by a court or magistrate, or by virtue of the judgment or order of a court of record, and that the court or magistrate had jurisdiction to issue the process, render the judgment, or make the order, the writ of habeas corpus shall not be allowed. * * *"
 {¶ 8} The Supreme Court of Ohio has held that:
 {¶ 9} "Habeas corpus is not the proper mode of redress where the petitioner has been convicted of a criminal offense and sentenced to imprisonment therefor by a court of competent jurisdiction. * * *" Padavick v. Cleveland Heights (1973),34 Ohio St.2d 15, 16.
 {¶ 10} In our September 24, 2003 opinion and judgment entry, we found that relator was entitled to have the trial court rule on the merits of the motion to withdraw his guilty plea, and remanded the case for further proceedings. State v. Rittner,
supra, at ¶ 27. However, we also found that the trial court had jurisdiction over relator at the time of his conviction. Id., at ¶ 17. Therefore, unless the trial court finds, on remand, that relator is entitled to withdraw his plea, his original conviction remains in effect. Until that time, the trial court retains jurisdiction, and relator is not entitled to bail.
 {¶ 11} On consideration of the foregoing, we find that relator has failed to satisfy the statutory requirements for issuing a writ of habeas corpus. The petition is dismissed at relator's costs.
Writ denied.
Handwork, P.J., Knepper, J., Lanzinger, J., Concur.