[Cite as *State v. Dillon*, 2024-Ohio-1768.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | Hon. Patricia A. Delaney, P.J. |
| Plaintiff-Appellee | : | Hon. Craig R. Baldwin, J. |
| | : | Hon. Andrew J. King, J. |
| -vs- | : | |
| | : | |
| MIKEL J. DILLON | : | Case No. 2023 CA 00065 |
| | : | |
| Defendant-Appellant | : | O P I N I O N |


CHARACTER OF PROCEEDING:         Appeal from the Court of Common
                                 Pleas, Case No. 2023 CR 0403



JUDGMENT:                        Affirmed



DATE OF JUDGMENT:                May 7, 2024



APPEARANCES:

For Plaintiff-Appellee                   For Defendant-Appellant

KYLE L. STONE                            D. COLEMAN BOND
PROSECUTING ATTORNEY                     116 Cleveland Avenue NW
                                         Suite 600
By:  LISA A. NEMES                       Canton, OH  44702
    110 Central Plaza South, Suite 510

Canton, OH  44702-1413                          Canton, OH  44702

*King, J.*

{¶ 1}   Defendant-Appellant Mikel Dillon appeals the April 25, 2023 judgment of the Stark County Court of Common Pleas. Plaintiff-Appellee is the state of Ohio.

## Facts and Procedural History

{¶ 2}   Between January 2022 and December 2022, Dillon surreptitiously filmed a juvenile family member in various states of nudity. During the same time period, Dillon engaged in sexual conduct with the juvenile. During that time period, the child was ten and eleven years old.

{¶ 3}   Dillon was arrested on February 14, 2023. He was initially charged in the Canton Municipal Court with 21 counts of pandering obscenity involving a minor, felonies of the second degree. After the matter was bound over to the grand jury, but before indictment, Dillon requested that the state file a bill of information against him and that the trial court permit him to be prosecuted by information. On March 30, 2023, Dillon appeared before the trial court and executed a Waiver of Prosecution by Indictment and Request for Prosecution by Information. He then entered pleas of guilty to six counts of pandering obscenity involving a minor, felonies of the second degree, and one count of sexual battery, a felony of the third degree. He was subsequently sentenced to an indefinite term of incarceration of 13 to 17 years, and classified as a Tier III sex offender.

{¶ 4}   On July 13, 2023, we granted Dillon's motion for delayed appeal. He raises one assignment of error for our consideration.

I

{¶ 5}   "THE TRIAL COURT IN ACCEPTING THE APPELLANT'S GUILTY PLEAS BECAUSE THEY WERE NOT MADE KNOWINGLY, INTELLIGENTLY, AND

VOLUNTARILY AS THE TRIAL COURT FAILED TO FOLLOW THE REQUIRED PROCEDURE SET FORTH IN R.C. 2929.43, AND THEREFORE APPELLANT'S PLEAS AND CONVICTIONS MUST BE VACATED AND THIS MATTER BE REMANDED FOR FURTHER PROCEEDINGS. "

{¶ 6}   In his sole assignment of error, Dillon argues his plea was not knowingly, intelligently, or voluntarily made because the trial court failed to comply with the procedures set forth in R.C. 2929.43(B)(1). Specifically, Dillon argues the trial court was required to advise him that if he pled guilty, his employment as a police officer would be terminated and he would be decertified.

{¶ 7}   When reviewing a plea's compliance with Crim.R. 11(C), we apply a de novo standard of review. *State v. Nero*, 56 Ohio St.3d 106, 108-109, 564 N.E.2d 474 (1990); *State v. Groves*, 5th Dist. Fairfield Nos. 2019 CA 00032, 2019-Ohio-5025, ¶7.

{¶ 8}   Criminal Rule 11 requires guilty pleas to be made knowingly, intelligently, and voluntarily. Although literal compliance with Crim.R. 11 is preferred, the trial court need only "substantially comply" with the rule when dealing with the non-constitutional elements of Crim.R. 11(C), and strictly comply with the constitutional notifications. *State v. Ballard*, 66 Ohio St.2d 473, 475, 423 N.E.2d 115 (1981), citing *State v. Stewart*, 51 Ohio St.2d 86, 364 N.E.2d 1163 (1977); *State v. Veney*, 120 Ohio St.3d 176, 2008-Ohio-5200, 897 N.E.2d 621, ¶ 31.

{¶ 9}   As to the constitutional notifications, before accepting a plea, a trial court must inform a defendant that by entering his plea, he waives important constitutional rights, specifically: (1) the right to a jury trial; (2) the right to confront witnesses against him; (3) compulsory process for obtaining witnesses in his favor; (4) the right to require

the state to prove the defendant's guilt beyond a reasonable doubt at trial; and (5) that the defendant cannot be compelled to testify against himself. *Veney*, ¶ 19. If the trial court fails to strictly comply with these requirements, the defendant's plea is invalid. *Id.* at ¶ 31.

{¶ 10} As to the non-constitutional rights, a trial court must notify a defendant of: (1) the nature of the charges; (2) the maximum penalty involved, which includes, if applicable, an advisement on post-release control; (3) if applicable, that the defendant is not eligible for probation or the imposition of community control sanctions; and (4) that after entering a guilty plea or a no contest plea, the court may proceed directly to judgment and sentencing. Crim.R. 11(C)(2)(a)(b); *Veney* at ¶ 10-13. For these non-constitutional rights, the trial court must substantially comply with the mandates of Crim.R. 11. *State v. Nero*, 56 Ohio St.3d 106, 108, 564 N.E.2d 474 (1990). "Substantial compliance means that under the totality of the circumstances the defendant subjectively understands the implications of his plea and the rights he is waiving." *Veney* at ¶ 15. When a trial court fails to advise a non-constitutional matter in its plea colloquy, a defendant must show prejudice in order to invalidate the plea. *Id* at 17.

{¶ 11} In this instance, Dillon argues that because the trial court failed to comply with R.C. 2929.43, a violation of his right to due process has taken place. Specifically, he states his plea resulted in the termination of his employment as a police officer and his decertification as a peace officer. But as we discuss below, this information is not preserved in the record.

{¶ 12} R.C. 2929.43 addresses guilty pleas and convictions involving a defendant who is a peace officer. The section states in relevant part:

(B)(1) Prior to accepting a plea of guilty to an indictment, information, or complaint charging a felony, the court shall determine whether the defendant is a peace officer. If the court determines that the defendant is a peace officer, it shall address the defendant personally and provide the following advisement to the defendant that shall be entered in the record of the court.

"You are hereby advised that conviction of the felony offense to which you are pleading guilty will result in the termination of your employment as a peace officer and in your decertification as a peace officer pursuant to the laws of Ohio."

Upon the request of the defendant, the court shall allow the defendant additional time to consider the appropriateness of the plea of guilty in light of the advisement described in division (B)(1) of this section.

The court shall not accept a plea of guilty of a defendant who is a peace officer unless, in addition to any other procedures required under the Rules of Criminal Procedure, the court determines that the defendant voluntarily and intelligently enters that plea after being given the advisement described in division (B)(1) of this section.

(2) After accepting under division (B)(1) of this section a plea of guilty to an indictment, information, or complaint charging a felony, the court shall provide to the clerk of the court of common pleas a written notice of the plea of guilty of the defendant peace officer, the name

and address of the peace officer, the law enforcement agency or other governmental entity that employs the peace officer and its address, the date of the plea, the nature of the felony offense, and certified copies of court entries in the action. Upon receiving the written notice required by division (B)(2) of this section, the clerk of the court of common pleas shall transmit to the employer of the peace officer and to the Ohio peace officer training council a report that includes the information contained in the written notice and the certified copies of the court entries in the action.

{¶ 13} First, there is no dispute that the trial court did not provide Dillon with this advisement. Our analysis therefore begins with the nature of the advisement. Dillon argues this advisement is a constitutional aspect of a plea colloquy. The state argues it is not.

{¶ 14} Dillon argues his continued employment and certification as a police officer is a protected liberty or property interest, but provides no direct authority to support this argument. Instead, Dillon cites *State v. Hochhausler*, 76 Ohio St.3d 455, 1996-Ohio-374, 668 N.E.2d 457 which addressed whether administrative suspension of a driver's license was unconstitutional for lack of due process.

{¶ 15} The state argues the advisement is non-constitutional and cites *State v. Clark*, 119 Ohio St.3d 239, 2008-Ohio-3748 and *State v. Monaco*, 5th Dist. Tuscarawas No. 2003AP070040, 2024-Ohio-535. In *Clark*, the Supreme Court of Ohio addressed a trial court's notification obligations under Crim.R. 11. *Monaco* contains a

general discussion of the constitutional and non-constitutional rights a trial court must provide to a defendant in its plea colloquy.

{¶ 16} How R.C. 2929.43(B)(1) fits into a Crim.R. 11 plea colloquy, however, appears to be a case of first impression. But we find we cannot address that question in this matter. While Dillon argues he was a peace officer at the time of his plea, the only hints in the record to support such a conclusion come from the victim impact statement wherein the victim states Dillon was a "cop" at the time he committed the indicted offenses and the trial court's mention that Dillon was in a position of trust in his community. Transcript of Plea 17, 20. In both instances the past tense is used. There is nothing in the record to shed light on when Dillon's employment was terminated, and if he therefore had a property interest at stake the day he entered his pleas. While we acknowledge R.C. 2929.43(B)(1) contains mandatory language, the trial court's failure to inquire is harmless if Dillon's employment was terminated prior to his pleas.

{¶ 17} Because there is insufficient information contained in the record to support Dillon's arguments, the sole assignment of error is overruled.

{¶ 18} The judgment off the Stark County Court of Common Pleas is affirmed.


By King, J.,

Delaney, P.J. and

Baldwin, J. concur.